IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHANTELL D. NEWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-607 (MN) |
| | ) | |
| STATE OF DELAWARE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| SHANTELL D. NEWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-1099 (MN) |
| | ) | |
| MORNINGSTAR PROPERTY GROUP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| SHANTELL D. NEWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-1157 (MN) |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| SHANTELL D. NEWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-1214 (MN) |
| | ) | |
| STATE OF DELAWARE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| SHANTELL D. NEWMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-1226 (MN) |
| NEW CASTLE COUNTY DEPARTMENT | ) |
| OF COMMUNITY SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

Shantell D. Newman, New Castle, Delaware – *Pro Se* Plaintiff

May 1, 2025
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Between May 22, 2024 and October 17, 2024, Plaintiff Shantell D. Newman, of New Castle, Delaware, initiated the above captioned civil actions. In each case, Plaintiff appears *pro se* and proceeds *in forma pauperis*. The Court reviews and screens Plaintiff's Complaints pursuant to 28 U.S.C. § 1915(e)(2)(b).

## I.  BACKGROUND

The following facts are taken from Plaintiff's Complaints and assumed to be true for purposes of screening the Complaints pursuant to 28 U.S.C. § 1915(e)(2)(b). *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

### A.  *Newman v. Delaware, et al.*, 24-cv-607-MN

The Complaint asserts civil rights claims under 42 U.S.C. § 1983, criminal offenses in violation of 18 U.S.C. §§ 242 and 245, and tort claims, against Defendants State of Delaware, Robert R. Rizzo, New Castle County, and Dana Long. (D.I. 2 at 1-8; D.I. 2-3 at 1). In support, the Complaint alleges the following. There have been "attempts on [Plaintiff's] life" because she has attempted to exercise her "right to grievance [her] Government." (D.I. 2 at 4-5). The Fourteenth Amendment is unconstitutional. (*Id.* at 5). Plaintiff was born in Germany, and she was fraudulently issued a United States birth certificate and social security number. (*Id.*). These fraudulent documents amount to an "unconstitutional slave tool" that have deprived Plaintiff of her "natural rights" and her freedom. (*Id.*). Defendant State of Delaware is a corporation, and Plaintiff has been contractually rendered an agent of this corporation, possibly by her fraudulent birth certificate and social security number. (*Id.*). Plaintiff "put [her] social security number into GMEI Utility and Stock bonds real estate foreign investments." (*Id.* at 6). Defendant State of Delaware, and possibly others, have denied Plaintiff "a place to live" and "locked [her] away to use [her] as an entity for gain." (*Id.*). The Complaint alleges the following injuries: (1) "denied

1

loans for housing"; (2) "charged for a license for traveling"; (3) "Murdock v. Pennsylvania"; (4) "No State shall convert a liberty into a license, and charge a fee therefore." (*Id.* at 7). Based on the foregoing, Plaintiff seeks $700 million and "freedom from this corporation." (*Id.*).

      B.     *Newman v. Morningstar, et al.*, 24-cv-1099-MN

The Complaint asserts violations of the Fair Housing Act, Fair Debt Collection Practice Act, intellectual property rights, and civil rights by Defendants Morningstar Property Group and Greenzang Properties in Wilmington, Delaware between June 2022 and July 2024. (D.I. 2 at 1-8; D.I. 2-2 at 1). In June 2022, Plaintiff "started getting monthly charges for an apartment [she] rented out while homeless working for the State of Delaware [*sic*]. During this time units were available in a real area even though the rent was high nothing updated and a ring [*sic*]." (D.I. 2 at 3). The remainder of the Complaint is similarly worded and somewhat difficult to follow, but it appears to allege a "double dipping" scheme where Plaintiff's rent was paid in advance by housing vouchers, her landlords still required her to pay rent each month to cover their own rent, and then they also required her to pay late fees. (*Id.* at 5-8). As part of the scheme, "the United States took its debt and tried paying it by form of credits and [Plaintiff's landlord] denied [her] help from a[n] agency that was going to pay [her] up another few months so [she] could give birth in peace [*sic*]." (*Id.* at 6). The Complaint also alleges that Plaintiff's rental unit was poorly maintained, she was subjected to rent-related threats and harassment, she was pregnant, and the fraudulent rent scheme took all of Plaintiff's "money for [her] baby." (*Id.* at 5-6). In terms of injuries, the Complaint alleges that Plaintiff almost lost her baby, she had to leave the hospital early, she developed post-traumatic stress disorder (PTSD), her presidential campaign was ruined, and she had to return

to work six weeks after giving birth. (*Id.* at 8). Based on the foregoing, Plaintiff seeks $1 million in money damages and the enactment of a new law called Newmans Tenants Act.[1] (*Id.*).

        C.      *Newman v. Doe*, 24-cv-1157-MN

The Complaint asserts a tort claim and a criminal offense in violation of 18 U.S.C. § 242 against an unnamed security officer in this Courthouse. (D.I. 2 at 1-8; D.I. 2-1 at 1). On October 17, 2024, the unnamed officer "got all up in [Plaintiff's] face[,] asking [her] where [she was] going," and when Plaintiff responded by saying that she was going to "the floor," the officer "started asking [Plaintiff for] private information," and "looking at [her] paperwork." (D.I. 2 at 4-5). Meanwhile, this officer allowed another individual, who was white and male, to enter the Courthouse without subjecting him to search or questioning. (*Id.* at 4-5). The officer's supervisor then "came out[,] looking mad [and] yelled[,] frustrated because [of] the way [Plaintiff] was treated." (*Id.* at 5). The unnamed officer refused to give Plaintiff his name or other personal information. (*Id.*). When Plaintiff left the courthouse, she felt as though security officers were outside waiting for her. (*Id.* at 5). Plaintiff fears retaliation. (*Id.* at 6). During the incident, Plaintiff was afraid for her life, and she almost cried. (*Id.* at 7). The unnamed officer was angry and aggressive towards Plaintiff, and this was triggering for her, as a survivor of abuse and sexual assault. (*Id.*). Based on the foregoing, Plaintiff seeks $1 million in money damages, as well as the officer's name, "a FOIA on him to see his nature," and termination of his employment. (*Id.* at 6-7). Plaintiff also seeks the following relief: "Embra[c]e that public servants serv[e] the public

---

[1]    "If a tenant makes a landlord or the owner aware that retal[iation] is taking place because they don't want to be someone friend who works at-facility-Real estate Co. and or Group or LLC-and that information (private) information is being breached and (monies) maybe involved to cover up a form of gangstalking and or violation of color of law because a pol[ice] or Government official or re of a Government or public body or Artificial Entity maybe involved due to Delaware messed up Corporate law I will report all retaliation [*sic*]." (D.I. 2 at 8).

3

and private, embrace that the culture, vibration of enlightenment of finding joy in petitioning your government or those who look down on one due to color, race, religion all should and will be able to come in feeling free and provide all badge or identify yourself [*sic*]." (*Id.* at 7).

### D. *Newman v. Delaware, et al.*, 24-cv-1214-MN

The Complaint asserts violations of federal criminal statutes prohibiting human trafficking and genocide, as well as the Indian Removal Act of 1830 and related treaties, by Defendants State of Delaware, Wilmington Police Department, and City of Wilmington. (D.I. 2 at 1-; D.I. 2-1 at 1). In support, the Complaint alleges that, between October 21, 2024, and November 4, 2024, Plaintiff "watched the police remove the friendship bench so the homeless couldn't sit down." (D.I. 2 at 6). Plaintiff allegedly "witness[ed] Project 2025 in full motion removing the Original people from the real land," she "watch[ed] police throw away peoples['] medication, [d]ogs, [and b]eds," and she saw police "throw people and force people in public to relocate." (*Id.* at 4-6). The Complaint further alleges that "the police kidnap people, steal children[,] and lock homeless people up." (*Id.* at 5). The Complaint further alleges that Plaintiff descends from royalty, her family owned the State of Maryland, and she wants to preserve her bloodline. (*Id.* at 5-6). The Complaint asserts injuries in the form of PTSD and loss of housing. (*Id.* at 7). Regarding injuries, Plaintiff fears "being homeless and locked up and [having her] children taken from [her]," and she feels "a lot of pain ever[ ]day [that she sees] the homeless snatched." (*Id.*). Additionally, regarding injuries, Plaintiff alleges that, Dana Long, the husband of a former Governor of Delaware, attempted to frame, silence, and kill Plaintiff. (*Id.*). Based on the foregoing, Plaintiff seeks $333 billion and the enactment of a new law called the Restore Act/Law.[2] (*Id.*).

---

[2]   "Delaware shall pay me for everything they framed me for, and slander, Restore <u>Re-store</u> . . . Re-store . . . Meaning→We-Body shall have everything my feet touch that you stole-I seek favor." (D.I. 2 at 7).

4

      E.    *Newman v. New Castle, et al.*, 24-cv-1226-MN

The Complaint asserts tort claims and § 1983 claims, based on the First Amendment freedom of speech and assembly, the Second Amendment, and the Fourth Amendment protection from unreasonable search and seizure, against Defendants New Castle County Department of Community Services, Robert Rizzo, and Dana Long. (D.I. 2 at 1-7; D.I. 2-3 at 1). In 2011, Defendant Rizzo was allegedly involved in the human trafficking of Plaintiff "by politicians that tried to unalive [*sic*]" her. (D.I. 2 at 4). Plaintiff "had to run from these people because they framed [her] for crimes." (*Id.* at 4-5). Also, Defendant Long "had [Plaintiff] placed in a mental hospital to pretend [Plaintiff] was mentally ill" because Plaintiff did not want to vote for Defendant Long's wife. (*Id.* at 5). When Plaintiff tried to file complaints about Defendants Long and Rizzo, Defendant Rizzo "used the cops to lock [Plaintiff] up at the Section 8 office." (*Id.*). In addition to locking up Plaintiff and trying to kill her, Defendant Rizzo placed a third party who was posing as Plaintiff's landlord "in witness protection with [Plaintiff's] money." (*Id.*). Furthermore, Plaintiff "had to fight for [her] life because the community thought [she] was a snitch." (*Id.*). As a result, Plaintiff "lost everything," including her housing, her reputation, and her character, and she spent five years in jails, during which she gave birth. (*Id.* at 7). Based on the foregoing, Plaintiff seeks $333 billion and the enactment of a new law called Newmans Law, the terms of which are not specified. (*Id.*).

**II.**    **SCREENING OF COMPLAINT**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations

in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). When a plaintiff proceeds *pro se*, the pleading is liberally construed, and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is

entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

Even when liberally construing Plaintiff's pleadings and reviewing them in the light most favorable to her, the above-summarized Complaints must be dismissed as frivolous, pursuant to 28 § 1915(e)(2)(B)(i), because they are clearly baseless, they rely on indisputably meritless legal theories, or they arise from fantastic or delusional factual scenarios. *See Dooley*, 957 F.3d. at 374.

Since July 2021, Plaintiff has filed twenty-six other complaints that were dismissed at, or before, the screening stage, and one complaint that was transferred to another District, where the matter was then terminated.[3] During this time, Plaintiff has also filed at least one other complaint

---

[3] *Newman v. New Castle Cty. Police Dep't, et al.*, 21-cv-1046-RGA (dismissing complaint for failure to pay filing fee or move to proceed *in forma pauperis*); *Newman v. Grover, et al.*, 21-cv-1480-RGA (dismissing complaint as frivolous, for failure to state a claim, and for failure to amend); *Newman v. Biden Admin., et al.*, 21-cv-1509-RGA (dismissing complaint as frivolous, except for claims brought on behalf of others, which were dismissed without prejudice); *Newman v. State of Del. Div. of Pub. Health*, 21-cv-1546-RGA (dismissing complaint for failure to state a claim and finding amendment futile); *Newman v. Att'y Gen. Off., et al.*, 21-cv-1732-RGA (dismissing complaint as frivolous, except for claims brought on behalf of others, which were dismissed without prejudice); *Newman v. Fauci, et al.*, 22-cv-85-RGA (dismissing complaint as frivolous); *Newman v. Purzycki, et al.*, 22-cv-167-RGA (dismissing complaint as frivolous, for failure to state a claim, and for failure to amend); *Newman v. Dep't of Serv. for Child.*, 22-cv-168-RGA (dismissing complaint for failure to state a claim and finding amendment futile); *Newman v. Newman, et al.*, 22-cv-169-RGA (dismissing complaint as frivolous and for failure to state a claim); *Newman v. Tik Tok*, 22-cv-170-RGA (transferring case to the Northern District of Illinois, where it and other member cases were terminated upon final approval of a class action settlement in *In re Tik Tok, Inc.*, 1:20-cv-4699); *Newman v. U.S.*, 22-cv-516-RGA (dismissing complaint against defendant immune from suit); *Newman v. Christina School Dist.*, 22-cv-1050-RGA (dismissing complaint for lack of subject matter jurisdiction); *Newman v. Equifax*, 22-cv-1051-RGA (dismissing complaint due to failure to follow Court order and effect service on defendant); *Newman v. Biden Admin.*, 22-cv-1052-RGA (dismissing complaint as frivolous and for failure to state a claim); *Newman v. Del. Div. of Motor Vehicles, et al.*, 22-cv-1202-RGA (dismissing complaint as frivolous and based on defendant immunity); *Newman v. British Prime Minister, et al.*, 22-cv-1203-RGA

with a neighboring District, which was dismissed upon screening.[4]  With the addition of the five Complaints addressed here, over the course of thirty-nine months, Plaintiff filed at least thirty-three complaints, all of which warranted dismissal or termination.  Plaintiff is hereby placed on notice that future filings of a similar nature may result in sanctions, in the form of an injunction, barring Plaintiff from initiating other actions in this Court without first obtaining permission from a judge of this Court.  *See In re Oliver*, 682 F.2d 443, 445-46 (3d Cir. 1982) (holding that if a district court determines that a litigant's past and current lawsuits constitute a continuous pattern of "groundless and vexatious litigation," the All Writs Act permits the court, under "exigent circumstances," to grant an order enjoining the litigant from filing further actions without court permission).

### IV.    CONCLUSION

For the above reasons, the Court will dismiss the Complaints in the five above-caption civil actions as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Amendment is futile.

An appropriate Order will be entered.

---

(dismissing complaint as frivolous, for failure to state a claim, and based on defendant immunity); *Newman v. Musk*, 23-cv-639-RGA (dismissing complaint as frivolous and for failure to state a claim); *Newman v. Biden*, 23-cv-1104-MN (dismissing complaint as frivolous); *Newman v. Wilmington Alliance*, 23-cv-1105-RGA (dismissing complaint for lack of subject matter jurisdiction); *Newman v. Kardashian*, 23-cv-1112-RGA (dismissing complaint based on plaintiff's motion for voluntary dismissal); *Newman v. Biden*, 23-cv-1113-MN (dismissing complaint as frivolous); *Newman v. Wilmington Police Dep't, et al.*, 23-cv-1378-RGA (dismissing complaint for failure to state a claim and failure to amend); *Newman v. Div. of Family Serv. of the State of Del.*, 24-cv-335-RGA (dismissing complaint for failure to state a claim and failure to amend); *Newman v. Biden, et al.*, 24-cv-1057-MN (dismissing complaint for failure to pay filing fee or move to proceed *in forma pauperis*); *Newman v. Wilmington Police Dep't*, 24-cv-1064-MN (dismissing complaint for lack of subject matter jurisdiction); *Newman v. Dupont, et al.*, 24-cv-1110-MN (dismissing complaint for failure to pay filing fee or move to proceed *in forma pauperis*); *Newman v. Wilmington Police Dept., et al.*, 24-cv-1155-MN (dismissing complaint for lack of subject matter jurisdiction).

[4]   *Newman v. Att'y Gen. Off.*, 2:21-cv-5681-MSG (dismissing complaint as frivolous, except for claims brought on behalf of others, which were dismissed without prejudice).